Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Civil Division

**18 CV 11545**

| | |
|---|---|
| Jay Brodsky | ) Case No. _____ |
| | ) (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | ) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | ) |
| UBER Technologies Inc. | ) |
| Doe Defendants et al | ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

　A. **The Plaintiff(s)**

　　Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jay Brodsky |
| Street Address | 240 East Shore Road, #444 |
| City and County | Great Neck   Nassau County |
| State and Zip Code | New York   11023 |
| Telephone Number | (973) 568-1666 |
| E-mail Address | demcointerexport@yahoo.com |

　B. **The Defendant(s)**

　　Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: UBER Technologies Inc.
- Job or Title (if known):
- Street Address: 1455 Market Street
- City and County: San Francisco    San Francisco County
- State and Zip Code: California   94103
- Telephone Number: 855-823-7692
- E-mail Address (if known):

Defendant No. 2
- Name: Doe Defendants
- Job or Title (if known):
- Street Address: Unknown
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
1. 42 USCS § 12182
2. 42 USCS § 12184(a)
3. 42 USCS § 12184
4. 42 USCS § 12181(3)
5. 42 USCS § 12182(10)
6. 49 CFR 37.29

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Jay Brodsky, is a citizen of the State of *(name)* New York.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* UBER Technologies Inc. , is incorporated under the laws of the State of *(name)* California , and has its principal place of business in the State of *(name)* California .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$75,001.00

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached Summons & Complaint Addendum

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached Summons & Complaint Addendum

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: December 4, 2018

Signature of Plaintiff
Printed Name of Plaintiff    Jay Brodsky

#### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

JAY BRODSKY
240 EAST SHORE ROAD
GREAT NECK, NEW YORK 11023
TELEPHONE: (973) 568-1666
E-MAIL: demcointerexport@yahoo.com
ON BEHALF OF HIMSELF AS PLAINTIFF PRO-SE



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAY BRODSKY    *Plaintiff*

                    -against-                        Civil Case No._____

UBER TECHNOLOGIES INC.  *Defendant*
DOE DEFENDANTS *et al*

**COMPLAINT AMONGST OTHERS FOR VIOLATIONS OF:**
1. 42 USCS § 12182
2. 42 USCS § 12184(a)
3. 42 USCS § 12184
4. 42 USCS § 12181(3)
5. 42 USCS § 12182(10)
6. 49 CFR 37.29

## SUMMONS & COMPLAINT ADDENDUM

## AFFIRMATION:

1. On this 4th day of December, 2018, Pursuant to Federal Rules of Civil Procedure Rule 8, the Petitioner, Jay Brodsky aka Mr. Brodsky, resides at 240 East Shore Road, Apartment 444, Great Neck, New York 11023 and duly deposes that the facts as stated herein are true to the best of his knowledge.

...............................................................................................................x

## VENUE AND JURISTICTION:

2. Under the Federal Rules of Civil Procedure Rule 8 (Fed. R. Civ. P. 80), Jay Brodsky, hereby makes it known too, Uber Technologies Inc., and all other associated Doe Defendants, that the Plaintiff in this matter Jay Brodsky, intends to file a complaint at the United States District Court for the Southern District of New York and at the New York State Division of Human Rights for reasons stated herein.

3. The venue is appropriate under 28 U.S.C.A. § 1331 because, amongst other things; there are Federal issues that can only be resolved within the purview of a Federal District Court. [42 U.S.C. § 12184; (a) General rule, No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce.

...............................................................................................................x

4. Under the Federal Rules of Civil Procedure Rule 7(a), the defendant operates and is headquartered at 1455 Market Street, San Francisco, California 94103; and the subject premises where the alleged unlawful and discriminatory behavior

transpired was at the Plaintiffs residence, 240 East Shore Road, Great Neck, New York 11023.

## APPLICABLE ADA PROVISIONS

<u>5. In General</u>

(a) Title III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and by private entities providing certain services, including specified public transportation services. <u>Spector v. Norwegian Cruise Line Ltd.</u>, 545 U.S. 119, 128, 125 S. Ct. 2169, 162 L. Ed. 2d 97 (2005) ("Title [*8] III of the ADA prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations, <u>42 U.S.C. § 12182(a)</u>, and public transportation services, <u>§ 12184(a)</u>."); <u>42 U.S.C. § 12182</u> ("Prohibition of discrimination by public accommodations"); <u>42 U.S.C. § 12184</u> ("Prohibition of discrimination in specified public transportation services provided by private entities").

(b) "The term 'specified public transportation' means transportation by bus, rail, or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis." <u>42 U.S.C. § 12181(10)</u>. Public transportation services include "demand responsive systems," which means "any system of providing transportation of

individuals by a vehicle, other than a system which is a fixed route system." 42 U.S.C. § 12181(3). The Plaintiff alleges that Uber, "engages in a demand responsive system as defined by 42 U.S.C. § 12181."

(c) In this Complaint, the Plaintiffs' first cause of action cites § 12184 ("Prohibition of discrimination in specified public transportation services provided by private entities") and the regulations at 49 C.F.R. § 37.29 ("Private entities providing taxi service"), and alleges that Uber "has failed to provide a mechanism by which to serve mobility impaired individuals such as the Plaintiff." Thus, the Plaintiff is alleging that Uber is subject to § 12184 as private entities that are primarily engaged in the business of transporting people and whose operations affect commerce, that they engage in a demand responsive system, that they are subject to the regulations governing private entities providing taxi service, and that they are discriminating against Plaintiffs in the full and equal enjoyment of their public transportation services by failing to provide service to them.

(d) As noted, section 12184(a) provides a general rule that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations

affect commerce." 42 U.S.C. § 12184(a). Section 12184 further explains that, for purposes of § 12184(a), discrimination includes:

(1) the imposition or application by a[n] entity described in subsection (a) of this section of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully enjoying the specified public transportation services provided by the entity, unless such criteria can be shown to be necessary for the provision of the services being offered;

(2) the failure of such entity to--

(A) make reasonable modifications consistent with those required under section 12182(b)(2)(A)(ii) of this title;

(B) provide auxiliary aids and services consistent with the requirements of section 12182(b)(2)(A)(iii) of this title; and

(C) remove barriers consistent with the requirements of section 12182(b)(2)(A) of this title and with the requirements of section 12183(a)(2) of this title;

## BACKGROUND:

6. The Plaintiff is a disabled American citizen as determined by the Social Security Administration.

7. On two separate occasions, June 2016, July 2017, the Plaintiffs disability was the subject of adjudication by the Social Security Administration to determine his eligibility to be awarded permanent Social Security Disability status.

8. The adjudication of matters pertaining to the Plaintiffs permanent disability status took place at the Office of Disability Adjudication and Review, aka "ODAR," 730 Federal Plaza, Central Islip, New York.

9. During those two (2) adjudications, six board certified expert witnesses provided sworn testimony in addition to more than four-hundred (400) pages of written testimony from the Plaintiffs own personal board certified Rheumatologist.

10. The finding of the court, ALJ Joseph Faraguna presiding, overwhelmingly found that Jay Brodsky is disabled and has been so since 2001.

11. The Plaintiff is a, "Consumer," of services offered by Uber technologies.

12. The Plaintiff is a regular and repeat consumer of services offered by Uber technologies.

13. Uber Technologies Inc. (doing business as Uber) is a peer-to-peer ridesharing, taxi cab, food delivery, bicycle-sharing, and transportation network company (TNC) headquartered in San Francisco, California, with operations in 785 metropolitan areas worldwide. Its platforms can be accessed via its websites and mobile apps. Uber has been prominent in the sharing economy, so much so that the changes in industries as a result of it being referred to as Uberisation.

14. Uber Technologies Inc., charges and receives remuneration for the services offered to consumers.

Case 2:19-cv-00177-JS-AYS   Document 2   Filed 12/10/18   Page 12 of 15 PageID #: 17

Case No.            Brodsky v. Uber            Page 7 of 9

15. On average, Uber Technologies Inc., receives direct remuneration from their drivers totaling approximately twenty-five to thirty-five (25% - 35%) percent of the gross total fare charged to consumers, per each concluded ride.

16. On Friday, October 26, 2018; at approximately 2:30PM, the Plaintiff summoned Uber technologies to provide transportation to 1636 Marcus Avenue, New Hyde Park, New York from his residence in Great Neck, New York.

17. To summon the services of Uber Technologies Inc., the Plaintiff used the, "Uber App," installed on his iPhone.

18. An authorized Uber driver responded to the request and indicated that he would arrive at the Plaintiffs location approximately nine (9) minutes after being summoned.

19. The driver who responded was driving a, black, late model Honda Accord, four door; displaying an,"Uber," stick-on sign clearly posted in the left hand corner of the windshield of the subject vehicle.

20. The driver who arrived to pickup the plaintiff was a heavy set caucasian male who may have had a mustache.

21. Upon arrival the driver entered the front parking lot of the Plaintiffs residence.

22. The Plaintiff innocently opened the passenger side front door of the subject vehicle as he had done on each and every other occasion when he summoned other Uber rides providing transportation to multiple destinations.

23. Upon opening the passenger side door of the subject vehicle, the driver immediately barked or commanded the Plaintiff to sit in the back seat thereby vehemently denying him access to the front passenger seat.

24. The Plaintiff who was shocked and dismayed by the drivers impertinent demand, stated that he was unable to sit in the back seat due to his very obvious disability.

25. A brief description of the Plaintiffs disability involves the patella (knee cap) which lost all of its natural cartilage. Osteoarthritis of the knee most commonly begins with the deterioration of the cartilage between the femur and tibia. To compensate for the deteriorated or missing cartilage, the bones in the joint may produce small bony growths called osteophytes, or bone spurs. As a result the joint becomes immobile. In this particular case the osteophytes restricts the Plaintiff from being unable to extend the knee in all directions.

26. With the Plaintiffs knee in a permanent state of extension, he is unable to sit in the back seat of any automobile especially in a compact model such as the Doe Defendant was driving on that day.

27. In this particular case, the Plaintiff did not require any unusual accommodation for his disability other than sitting in the front passenger seat where there is ample room to accommodate his permanently extended left leg.

28. When the Plaintiff informed the Uber driver that he was unable to sit in the back seat due to his obvious disability, the driver responded by denying him access to the subject vehicle.

29. Upon being informed by the Doe Defendant that he was being denied entry to the subject vehicle, the Plaintiff responded by informing the Doe Defendant that if the situation was going to escalate to a confrontation, he would instead summon another Uber. The driver somehow thought it best to respond by stating, "If you're going to be a pain in the ass, call someone else." With that, the Doe Defendant

withdrew the subject vehicle from the Plaintiffs parking lot, then canceling the previously scheduled pickup ultimately leaving a disabled man stranded in a state of insurmountable pain. The physical and mental anguish suffered by the Plaintiff was and still is unimaginable.

30. The Plaintiff hereby demands that all records, documentation, indexes, memorializations and any other documentary evidence of the alleged incident, be preserved for use in adjudicating these violations at the aforementioned legal venues stated herein.

## CLAIM FOR RELIEF:

31. WHEREFORE, the plaintiff demands monetary compensation for his pain and suffering resulting from the gross negligence of Uber Technologies Inc. and the still [u]nknown Doe Defendant who precipitated the discriminatory actions stated herein.

32. The Plaintiff begs the court for compensatory and punitive damages for the intentional infliction of emotional distress.


Signed this 4th day of December, 2018 at Great Neck, New York;

_____X
Jay Brodsky, Plaintiff

USPS FIRST CLASS MAIL®

SHIP TO:
United States District Court
United States Courthouse
CLERKS OFFICE-INTAKE
500 Pearl Street
New York NY 10007-1316

Jay Brodsky
240 East Shore Road
Apt. 444
Great Neck NY 11023

US POSTAGE & FEES PAID
3 OZ FIRST-CLASS MAIL FLATS RATE
RETAIL
stamps endicia
12/04/2018
FROM 11023
0625001020781

C014

Complaint

RECEIVED
SDNY DOCKET UNIT
2018 DEC 17 AM 9:48

USM P3 SDNY

RECEIVED
2018 DEC 10 PM 4:25
CLERK'S OFFICE
S.D.N.Y.

Pro Se
SM